UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUDY CLINTON

      Plaintiff,

vs.

FROST – ARNETT COMPANY.

      Defendant.
_____/

CASE NO.   2:14-cv-180-WCO-JCF

## COMPLAINT

Plaintiff, Judy Clinton ("Plaintiff"), alleges the following Complaint against Defendant, Frost – Arnett Company. ("Defendant").

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

## PARTIES

3. Plaintiff is an individual residing in Gainesville, Georgia.

4. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant is a Tennessee corporation with its principle place of business located in Nashville, Tennessee.

6. At all relevant time, Defendant has been and is engaged in the business of collecting and attempting to collect consumer debts in the State of Georgia and within the Northern District of Georgia.

7. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) as its principal purpose is the collection of debt or it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and uses the mails to accomplish this purpose and collect debts.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in the Northern District of Georgia.

## GENERAL ALLEGATIONS

10. On January 15, 2014, the Defendant sent or caused to be sent to Plaintiff, via U.S. Mail, a letter attempting to collect a debt or financial obligation incurred by Plaintiff for primarily personal, family, or household purposes (hereinafter the "Debt Collection Letter") and Plaintiff received it shortly thereafter. A copy of the Debt Collection Letter is attached hereto as **Exhibit A.**

11. The Debt Collection Letter is a "communication" pursuant to the FDCPA, 15 U.S.C. § 1692a(2).

12. The first paragraph of the Debt Collection Letter identifies the total balance of $1,313.00. Directly below the foregoing information the Debt Collection Letter identifies $45.00

associated with the Creditor "NORTHSIDE RADIOLOGY" and $1,268.00 associated with "PREVIOUS DEBTS".

13.   The Debt Collection Letter states that "[y]ou continue to ignore our requests for payment of your seriously past due bill. Unless you make a payment we must continue with our collection efforts in order to protect our client's best interest." However, the "Total Balance" adds the amount owed for "PREVIOUS DEBTS" totaling $1,268.00. Nowhere does the letter clearly set forth why the Plaintiff owes a total of $1,313.00 The letter fails to identify the creditor and/or creditors to whom the additional amount of $1,268.00 is owed.

14.   The Debt Collection Letter is patently confusing and misleading on its face, especially to an unsophisticated consumer, as Plaintiff was unable to determine the specific debt the demand was being sent for, or the amount owed to the specific creditor(s) on the "PREVIOUS DEBTS" totaling $1,268.00.

15.   As a result of the Defendant's inclusion of the statement "PREVIOUS DEBTS" totaling: $1,268.00, if Plaintiff or any unsophisticated consumer actually paid the amount requested in the debt Collection Letter, she or they would not have any idea what debt was paid and what, if any, debts remained outstanding. The FDCPA does not require an unsophisticated consumer to rely on past notices, bills, or letters to understand the character of the debt being collected.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

16.   Plaintiff incorporates by reference paragraphs 1 through 15 of this Complaint as though fully stated herein.

17. The foregoing acts and omissions of Defendant violate 15 U.S.C. §§ 1692e(2)(A), 1692e(10), and 1692e.

18. As a result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C § 1692k, Plaintiff is entitled to statutory damages in an amount up to $1,000, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor for:

    i. The maximum amount of statutory damages pursuant to 15 U.S.C. § 1692k;

    ii. Attorneys' fees, litigation expenses and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

    iii. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**Dated: August 8, 2014**

_____
Kenneth L. LaVan, Esq.
GA. Bar No. 322045
aneidenberg@disabilitylawclaims.com
7067 D West Broward Boulevard
Plantation, FL 33317
954-617-2228
(954) 523-3871 (Facsimile)
*Attorney for Plaintiff*